IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 5 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DIRECTV, Inc., | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. CIV. B-03-094 |
| V. | § | |
| | § | B-03-196 |
| GERALD MANTHEY | § | |
| | § | |
| Defendant. | § | |
| | § | |

**GERALD MANTHEY'S ORIGINAL ANSWER**

Gerald Manthey, Defendant, answers the original complaint as follow:

1. The preliminary statement by the plaintiff does not accurately characterize what this lawsuit is about. Apparently, relying upon acts recently passed by Congress, a new class of potentially frivolous and fallacious lawsuits now can be filed in the United States District Courts. The Plaintiff's lawsuit is without merit, and legitimacy.
2. The Defendant can not admit or deny that DIRECTV is a California-based company. The Defendant also can not admit or deny the dollar amounts spent by DIRECTV. Defendant does not know about any workings of satellites hovering thousands of miles above the Earth in which the Plaintiff somehow controls.
3. The Defendant has no working knowledge of the signals that are beamed from space to various areas. Defendant has no knowledge of whether or not DIRECTV uses encryption technology to digitally scramble the signal or not. Defendant has no knowledge of the workings of the computer-type chip card.
4. The Defendant can not either admit or deny the statements in paragraph four as they are about DIRECTV's business, and Defendant is not in the position to know that.
5. Defendant does not know the main revenue source of DIRECTV. Defendant also can not admit or deny what DIRECTV's significant interests are. Defendant does not know individuals within the United States and surrounding foreign countries who develop technologies or devices to pirate DIRECTV's signals. Therefore, as to the allegations in paragraph five, Defendant does not know.
6. Defendant is a resident of the State of Texas. Defendant did not knowingly or intentionally purchase, receive, or use an illegal device for viewing DIRECTV television programming without authorization.

TRUE COPY I CERTIFY
ATTEST:
_____, CLERK
BY _____
Deputy Clerk

7. Defendant has no knowledge of a Writ of seizure that was executed by DIRECTV on May 25, 2001. Defendant believes that DIRECTV brings this lawsuit against the Defendant only on belief, or a way to obtain more financial benefit for DIRECTV.
8. Defendant totally denies this section.
9. No response is required.
10. Defendant has no basis of denying jurisdiction of this court. However, Defendant specifically denies the alleged violations of Texas Civil Practice and Remedies code section 123.
11. This court has personal jurisdiction over the Defendant, who resides in the Southern District of Texas.
12. The venue is proper; the Defendant resides in the Southern District of Texas.
13. No response is required.
14. Defendant has no knowledge of the information in paragraph fourteen, so he can neither admit nor deny the statement.
15. Defendant has no knowledge of the information in paragraph fifteen, so he can not admit nor deny.
16. Defendant resides in Harlingen, Texas. Defendant did not knowingly, intentionally, purchase, receive, install, or use any pirating, or illegal devices to access DIRECTV satellite signal. Defendant denies all allegations in paragraph sixteen and its sub-parts to any illegitimate or illegal use of any devices. Whether the devices do what the Plaintiff alleges is not known to the Defendant.
17. Defendant has no knowledge of the information in paragraph seventeen, so he can not admit nor deny.
18. Defendant has no knowledge of the information in paragraph eighteen, so he can not admit nor deny.
19. Defendant has no knowledge of the information in paragraph nineteen or its sub-parts, so he can not admit nor deny.
20. Defendant has no knowledge of the information in paragraph twenty, so he can not admit nor deny.
21. Defendant has no knowledge of the information in paragraph twenty one, so he can not admit nor deny.
22. Defendant has no knowledge of the information in paragraph twenty two or its sub-parts, so he can not admit nor deny.
23. Defendant has no knowledge of the information in paragraph twenty three or its sub-parts, so he can not admit nor deny.
24. Defendant has no knowledge of the information in paragraph twenty four, so he can not admit nor deny.
25. Defendant can not admit nor deny this paragraph, but has no knowledge of any other person that DIRECTV calls Defendants.
26. Denied
27. Denied

28. Denied, Defendant did not engage in any enterprise. Defendant did not interfere, intercept, receive, any unauthorized programming transmitted by DIRECTV. Defendant believes that the allegations made against him are not based on information and belief, but on conjecture, surmise in an attempt to obtain, under duress, monetary gain from an innocent person.
29. No response required.
30. Denied, again DIRECTV surmises that unauthorized interception and receipt of programming took place or was done, by as they say "other means which are unknown to DIRECTV and allegedly known to the defendant." Defendant has no knowledge or understanding of DIRECTV's encryption technology, signal decoding, or programming manipulation as stated by DIRECTV.
31. Denied, Defendant did not intercept, receive, or exhibit, or assist in any unauthorized interception, reception, or exhibition of any programming. Defendant did not and could not divulge, publish any contents, substance, purport, effect or meaning of such satellite communication, because Defendant does not have any knowledge of such things. Therefore there was no act or acts done that would be prohibited by 47U.S.C. § 605(a).
32. Denied, Defendant's answer in paragraph 31 confirms that there were no violation of any type, and especially no violations of 47 U.S.C. § 605. Therefore the Defendant is the aggrieved person here and should be release from this lawsuit immediately.
33. Denied, Defendant has not injured, interfered, or deprived any benefit from DIRECTV. In this case the Defendant is the aggrieved party.
34. No response required. Although the Defendant did not commit any of the illegal acts alleged in this complaint.
35. No response required.
36. Denied
37. No response required.
38. Denied, Defendant committed no wrongful conduct.
39. No response required.
40. Denied
41. No response required.
42. Denied, Defendant committed no wrongful conduct.
43. No response required.
44. Denied. Defendant has no knowledge about any of the allegations in this paragraph and did not engage in any wrongful conduct.
45. No response required.
46. Denied, Defendant has done nothing to hurt DIRECTV.
47. No response required.
48. Denied, Defendant has not conducted himself in any wrongful, illegal manner. Defendant has not converted any property belonging to DIRECTV for his own use or benefit.

49. Denied. Defendant did not deprive DIRECTV of anything, nor did the Defendant intentionally or wrongfully commit any acts in violation as surmised in this complaint.
50. Denied. Defendant did not convert, or have any wrongful conduct towards DIRECTV.
51. No response required.
52. The Defendant can not either admit or deny the statements in paragraph fifty two as they are about DIRECTV's operations, and Defendant is not in the position to know that.
53. Denied. Defendant has not intercepted, or attempted to intercept any satellite programming.
54. No response required.
55. Denied. Defendant has not nor will not receive, intercept, transmit, exhibit any unauthorized satellite programming.
56. Denied. Defendant has not violated 47 U.S.C. § 605.
57. Denied. Defendant has not participated in any unlawful conduct alleged in this complaint.
58. Denied. Defendant has not used any pirate devices and does not engage in such conduct.

## PRAYER

WHEREFORE, Defendant, Gerald Manthey, prays that the complaint filed herein against him be dismissed; for his costs herein expended; and for any and all other just and proper relief.

_____, Pro Se
Gerald Manthey
2213 N. Whitehouse Circle
Harlingen, Texas. 78550
Telephone # (956) 364-0112

## CERTIFICATE OF SERVICE

I hereby certify that I have this 15 day of September, 2003, served Rodriguez, Colvin & Chaney, L.L.P. 1201 E. Van Buren St. Brownsville, Texas 78552 with the foregoing answer by hand delivering it to their office.

_____
Gerald Manthey
September 15, 2003